**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ALLSTATE INSURANCE COMPANY,

                      Plaintiff,

- v -                               Civ. No. 1:15-CV-127
                                                    (FJS/DJS)
WARREN ZAPP,

                      Defendant.

**APPEARANCES:**                      **OF COUNSEL:**

SEYFARTH, SHAW LAW FIRM       KRISTINE R. ARGENTINE, ESQ.
Attorney for Plaintiff
131 South Dearborn Street
Chicago, IL 60603

WARREN ZAPP
Defendant, *Pro Se*
16 Mia Way
Porter Corners, N.Y. 12859

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

On November 18, 2015, this Court issued a Decision and Order regarding discovery of electronic data. Dkt. No 51, Dec. & Order. Pursuant to that Decision and Order the Plaintiff was authorized to conduct a forensic review of the Defendant's work computer and email. As part of the authorization, the Court noted that:

[T]he searches to be conducted on the data must be limited to both the time

> period and scope that the Court has previously identified. In particular, the information must relate to solicitations or communications with individuals who were former Allstate customers serviced by Zapp prior to November 1, 2012, and who were contacted anytime from that date until November 1, 2014.

*Id.* at p. 14.

The electronic discovery process has not proceeded as anticipated by the Court. Initially, the Plaintiff submitted to the Court a proposed protocol for the forensic review, which was to be performed by Innovative Discovery, LLC. That protocol was signed by the Court on December 4, 2015. Dkt. No. 56. For his part, the Defendant made arrangements with Plaintiff's expert to enable access to his work computer, and also to provide the necessary information and passwords for access into the relevant email account: warrenzapp@zappquote.com. The Computer was accessed on December 8, 2015, and what was anticipated to be a short process of obtaining a mirror image of the hard drive, turned into a multi-day effort, with the computer hard drive being taken from Zapp's office and transported to Maryland. *See* Dkt. No. 57. On December 18, 2015, I directed that the hard drive be immediately returned to Defendant Zapp. Dkt. No. 59, Text Order.

With regard to the subject email account, it appears that Plaintiff's expert was able to access the account and obtain a significant amount of data pursuant to the search protocols that had been authorized by the Court. It is now clear, however, that the

search terms were overly expansive and resulted in an excessive amount of captured data. *See* Dkt. No. 64-2, Email, dated Jan. 18, 2016. The Court's previous Order noted that the search terms provided will seek out information regarding former Allstate customers that may have been solicited by the Defendant, and also may indicate the date on which that solicitation, if any, occurred. Dkt. No 51, Dec. & Order, at p. 12. The search protocol identified twenty-eight names: Evans; Pratt; Bellon; Barry; Bestle; Root; Fobare; Rozewicz; Sheehan; Patrone; Kailas; Mccullough; Schlafer; Remmel; Posporelis; Livoti; Sebast; Fullan; Ostrander; Cinquanti; Nurminen; Peters; Tyrell; Monnat; Clayton; Brown; Montilla and Ramsey. *See* Dkt. No. 49-1. However, the actual data production, after the implementation of the search terms, consisted of approximately 4,000 emails, the vast majority of which were not within the scope of discovery that the Court previously set forth and do not relate to former Allstate customers.

The Defendant has objected to the disclosure of a significant part of the captured electronic discovery. *See* Dkt. Nos 66 and 68. At the Court's directive, *See* Text Order dated April 26, 2016, Defendant Zapp provided to the Court a privilege and objection log, together with copies of all the disputed emails.

The Court has now proceeded through the time-consuming process of reviewing each of the three thousand six hundred and seventy-four (3,674) disputed emails. The

Court agrees with Mr. Zapp that, with twenty-four exceptions, the disputed emails are outside the scope of discovery outlined in the November 18, 2015 Order. In particular, I find that the email 1319_AVZ00001498_native.pdf, is a communication between Mr. Zapp and legal counsel, and is both privileged and irrelevant. I also find that the remaining emails, with the exception of the twenty-four identified in the attached Appendix, are also not relevant to the litigation and fall outside the parameters of the Court's previous Order. The Court has printed out hard copies of the twenty-four emails, or email chains, which should be disclosed as potentially relevant to the case, and they are to be picked up from Chambers by Plaintiff's counsel, and she is to provide a complete copy directly to Defendant Zapp. It should be noted that there is one email (listed in the printed materials as #25-#3443_AVZ00003831_native.pdf, Sebast) that was not contained in the electronic data provided to the Court and therefore could not be reviewed. The Court would request that Mr. Zapp, or the expert, provide that single email to the Court for *in camera* review so that I can consider whether it should be disclosed.

Discovery in this matter was stayed pending the Court's review of the disputed emails. *See* Dkt. No. 67, Text Order dated April 26, 2016. That review is now complete. Accordingly, a telephone conference is scheduled for September 7, 2016, at 11:00 a.m., to discuss the deadlines for discovery and the filing of dispositive motions.

**IT IS SO ORDERED**.

Date: August 15, 2016
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge